# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY RUBIN, an individual on behalf of himself and all others similarly situated and derivatively on behalf of ARTES MEDICAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER J. REINHARD; DOUGLAS ABEL; JOHN R. CONSTANTINO; TODD C. DAVIS; BEVERLY A. HUSS; LON E. OTREMBA; ROBERT B. SHERMAN; MICHAEL K. GREEN; DIANE S. GOOSTREE; PETER C. WULFF; DAREN J. BARONE; and DOES 1-20, <br><br> Defendants, <br><br> -and- <br><br> ARTES MEDICAL, INC. <br><br> Nominal Defendant. | CASE NO. 08cv1820-WQH-JMA <br><br> ORDER |

HAYES, Judge:

The matters before the Court are the motion to dismiss (Doc. 11) filed by Defendants and the motion to remand (Doc. 20) filed by Plaintiff.

## BACKGROUND

On September 4, 2008, Plaintiff Barry Rubin filed a shareholder derivative suit against the present and former officers and directors of Artes Medical, Inc. (the Company) in the Superior Court of California for the County of San Diego. (*Notice of Removal* ¶ 1.)

On October 2, 2008, Plaintiff filed a first amended complaint in the state court adding a class action claim against the Director Defendants for breach of fiduciary duty. (*First Amended Complaint* ¶¶ 83-91, 95-101.) The members of the putative class are holders of the Company's common stock. (*Id.* ¶ 83.) Excluded from the class are the Defendants and "all persons who acquired ARTES common shares pursuant to the private placement of common stock and related warrants on September 26, 2008." (*Id.*) The class claim alleges that the Director Defendants breached their fiduciary duties to the shareholders in the class by issuing the private placement of over 3 million shares of common stock and related warrants to "hand picked friends of the Director Defendants" in order to dilute the shareholders' voting rights at the Annual Meeting scheduled to take place on October 31, 2008. (*Id.* ¶ 97.) The second, third, and fourth causes of action are derivative claims on behalf of the Company for breach of fiduciary duty to the Company (*Id.* ¶¶ 102-108), breach of the duty of loyalty to the Company (*Id.* ¶¶ 109-118), and waste of corporate assets (*Id.* ¶¶ 119-122). The first amended complaint seeks declaratory relief, injunctive relief, compensatory damages, and exemplary damages. (*Id.* at 26-28.)

Nominal Defendant Artes Medical, Inc. (the Company) is a publicly traded company focused on developing, manufacturing and commercializing a new category of aesthetic injectable products for the dermatology and plastic surgery markets. (*Id.* ¶ 2.) Plaintiff Barry Rubin is an owner of the Company's common stock. (*Id.* ¶ 52.) Defendants Christopher Reinhard, Douglas Abel, John Constantino, Todd Davis, Beverly Huss, Lon Otremba, Robert Sherman, Michael Green, Diane Goosetree, Peter Wulff, and Daren Barone are current and former officers and directors of the Company (Director Defendants). (*Id.* ¶¶ 54-64.)

Plaintiff alleges that on August 11, 2008, Michael Shack, a shareholder of the Company, filed a proxy solicitation with the SEC soliciting proxies to replace to board

members whose terms had expired, remove three current board members and elect five new board members to the Company's Board of Directors. (*Id.* ¶ 21.) Plaintiff alleges that Shack's proxy solicitation stated that "the Company's poor financial performance, lack of expressed business plan, and questionable changes to key personnel are impairing the Company's ability to maximize value for all shareholders.'" (*Id.*)

Plaintiff alleges that on August 29, 2008, the Director Defendants filed a proxy solicitation on behalf of the Company with the SEC. (*Id.* ¶ 22.) Plaintiff alleges that the Director Defendants notified the Company's shareholders that they did not intend to have the Shack proposals brought before the Company's upcoming Annual Meeting on October 30, 2008 "because [the Director Defendants] thought the notice was not sufficient." (*Id.*)

Plaintiff alleges that on September 26, 2008, the Company issued 3,233,045 shares of its common stock and related warrants to private investors through a private placement financing. (*Id.* ¶23.)

On October 6, 2008, Plaintiff filed an ex parte application for a temporary restraining order in the state court. (*Notice of Removal* Ex. 2.) The application for a temporary restraining order sought to enjoin any shares issued in connection with the Company's September 26, 2008 private placement from voting at the Company's annual shareholder meeting scheduled for October 31, 2008. (*Id.* at 1.)

On October 6, 2008, before the state court issued a ruling on Plaintiff's application for a temporary restraining order, Defendants removed the first amended complaint to the United States District Court for the Southern District of California pursuant to the removal provision of the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. § 77p(c). (*Notice of Removal* ¶¶ 7-20.)

On October 7, 2008, Plaintiff filed an application for issuance of a preliminary injunction in federal court. (Doc. 2.) The application sought an order from this Court enjoining the newly issued shares from voting at the upcoming shareholders meeting. Defendants filed an opposition to the application for a preliminary injunction and Plaintiff filed his reply. (Docs. 7, 9.)

1  On October 29, 2008, the parties appeared for oral argument on the preliminary injunction before the Court. On the same day, the Court issued a written opinion denying Plaintiff's application for a preliminary injunction. (Doc. 19.)

On October 24, 2008, Defendants filed a motion to dismiss the first amended complaint on the grounds that the first amended complaint failed to adequately allege (1) facts showing that he has standing to proceed derivatively on behalf of the Company and (2) facts sufficient to state a claim upon which relief may be granted. (Doc. 11.) Plaintiff filed an opposition to the motion to dismiss and Defendants filed their reply. (Docs. 21, 22.)

On November 5, 2008, Plaintiff filed a motion to remand on the ground that removal to this Court under the Securities Litigation Uniform Standards Act, 15 U.S.C. 77p(c), was improper. (Doc. 20.) Plaintiff requested an order requiring Defendants to pay the attorneys' fees and costs incurred as a result of removal. (*Id.* at 5.) Defendants filed an opposition to the motion to remand and Plaintiff filed his reply. (Docs. 24, 25.)

On December 1, 2008, Artes Medical, Inc. filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code. (Doc. 28.) All further proceedings against Artes Medical as the nominal defendant were stayed pursuant to the automatic stay provision of 11 U.S.C. 362(a). The automatic stay does not apply to the officers and directors of Artes Medical named as co-defendants in this case.

## CONTENTIONS OF THE PARTIES

Plaintiff asserts that the removal and preclusion provisions of the Securities Litigation Uniform Standards Act (SLUSA) "do not apply to this suit and removal was improper." (*Pl.'s Mot. Remand* at 1.) Plaintiff contends that his class claim does not fall within the definition of a "covered class action" under SLUSA because Plaintiff does not seek monetary damages on behalf of the class. Plaintiff asserts that his class claim seeks only injunctive and declaratory relief to remedy the alleged dilution of the class members' shareholder voting rights. Plaintiff requests an award of costs and attorneys' fees incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). (*Id.* at 5.) Plaintiff asserts that an award of attorneys' fees under § 1447(c) is warranted because "Defendants removed this case for an improper purpose:

1  namely, to delay things long enough to prevent any court from hearing Rubin's request for
2  preliminary injunctive relief until after the annual shareholders' meeting." (*Id*. at 6.)
3       Defendants contend that the first amended complaint was properly removed to this
4  Court because it is a covered class action as defined by SLUSA. (Doc. 24 at 2.) Defendants
5  assert that the first amended complaint seeks compensatory damages and punitive damages as
6  well as injunctive and declaratory relief. Defendants assert that the prayer for relief in the first
7  amended complaint does not distinguish between the relief sought on behalf of the class and
8  the relief sought derivatively on behalf of the Company. (*Id*. at 6.) Defendants assert that
9  Plaintiff is attempting to "artfully plead around SLUSA" by asserting that he does not seek
10 damages on behalf of the putative class members. (*Id*. at 7.) Defendants oppose Plaintiff's
11 request for attorney's fees under § 1447(c) on grounds that the Defendants had a good faith
12 basis for removal based upon their interpretation of the first amended complaint, SLUSA, and
13 the decisional law interpreting that statute. (*Id*. at 11.)

## APPLICABLE LAW

15      Congress adopted the Private Securities Litigation Reform Act of 1995 (Reform Act),
16 109 Stat. 737 (codified at 15 U.S.C. §§ 77z-1 and 78u-4), in order to "deter or at least quickly
17 dispose of abusive class actions by requiring plaintiffs bringing private securities fraud actions
18 in federal court to surmount a number of procedural hurdles." *Merrill Lynch, Pierce, Fenner*
19 *& Smith Inc. v. Dabit*, 547 U.S. 71, 81-82 (2006). Rather "than face the obstacles set in their
20 path by the Reform Act, plaintiffs and their representatives began bringing class actions under
21 state law, often in state court." *Id*. at 82. In 1998, Congress enacted SLUSA "to prevent
22 plaintiffs from seeking to evade the protections that Federal law provides against abusive
23 litigation by filing suit in State, rather than in Federal court." H.R. Rep. No. 105-640, at 8-9
24 (1998). "The legislation is designed to protect the interests of shareholders and employees of
25 public companies that are the target of meritless 'strike' suits, the purpose of which is to
26 extract a sizeable settlement from companies that are economically forced to settle, regardless
27 of the lack of merits of the suit, simply to avoid the potentially bankrupting expense of
28 litigating." *Id*. at 9.

Subject matter jurisdiction over cases removed to federal court under SLUSA "is restricted to precluded actions defined by subsection (b)." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006) (citing 15 U.S.C. §§ 77p(b), 77p(c)). "If the action is not precluded [as defined by §77p(b)], the federal court has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Kircher*, 547 U.S. at 644.

SLUSA provides for the removal[1] and preclusion[2] of any "covered class action based upon the statutory or common law of any State . . . [brought] by any private party alleging – (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77p(b), 77p(c). SLUSA defines a "covered class action" as one in which either (1) damages are sought on behalf of more than 50 persons or prospective class members or (2) one or more named parties seek to recover damages on a representative basis. 15 U.S.C. § 77p(f)(2)(A)(i). "The term covered class action does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation." 15 U.S.C. § 77p(d)(2)(f)(2)(B).

## DISCUSSION

In this case, Plaintiff alleges four causes of action in the first amended complaint. The first cause of action is on behalf of putative class of the Company's public shareholders against the Director Defendants for breach of fiduciary duty. The second, third, and fourth causes of action are derivative claims on behalf of the Company for breach of fiduciary duty, breach of the duty of loyalty, and waste of corporate assets. Plaintiff seeks declaratory relief, injunctive

---

[1] The removal provision states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. 77p(c).

[2] "The preclusion provision is often called a preemption provision; the Act, however, does not itself displace state law with federal law but makes some state-law claims nonactionable through the class action device in federal as well as state court." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 637 n. 1 (2006).

relief, compensatory damages, and exemplary damages. Defendants removed the case under SLUSA based upon the class claim alleged in the first amended complaint; Plaintiff's derivative claims are not subject to removal and preclusion under SLUSA. 15 U.S.C. § 77p(2)(f)(2)(B).

The issue now before the Court is whether Plaintiff's class claim is precluded as defined by §77p(b). If Plaintiff's class claim is not precluded, then the Court must remand this case to the state court. *Kircher*, 547 U.S. at 644. In order to be precluded, the class claim must be (1) a covered class action; (2) based on state law; (3) alleging an untrue statement or omission of a material fact; (4) in connection with the purchase or sale of a covered security. 15 U.S.C. § 77p(b). Plaintiff concedes that his class claim is based upon state law and that covered securities have been purchased or sold. Plaintiff contends, however, that his class claim does not meet the definition of a "covered class action," as defined by SLUSA because his class action claim seeks only equitable injunctive relief and not damages. Defendants assert that Plaintiff has made an unambiguous request for damages and Plaintiff's class claim is a covered class action. Defendants contend that Plaintiff is attempting to artfully plead around SLUSA in order to evade the heightened pleading standards of the Private Securities Litigation Reform Act, which SLUSA was designed to prevent.

In this case, there appears to be no dispute that the original complaint filed in state court was exclusively a derivative action brought by Plaintiff as a shareholder on behalf of the Company. The original complaint included claims for breach of fiduciary duty to the Company, breach of the duty of loyalty to the Company, and waste of corporate assets and sought monetary damages and injunctive relief. One month after the original complaint was filed, the Director Defendants allegedly caused the Company to issue over three million shares of common stock to private investors. Plaintiff promptly amended his complaint to add a state law class action claim for breach of fiduciary duty. This new class claim alleged that the Director Defendants breached their fiduciary duty to the class by "issuing more than three million shares of new common stock at below market price to hand picked friends of the Director Defendants . . . to significantly dilute the voting power [of] Plaintiff and the other

1  members of the class." (*First Amended Complaint* ¶ 97.)

2        Plaintiff's contention that the class claim seeks only injunctive relief is supported by the fact that Plaintiff filed a state court application for a temporary restraining order and a federal court application for a preliminary injunction, both of which sought to enjoin the newly issued shares from voting at the meeting. The first paragraph in the first amended complaint's prayer for relief seeks "a declaration that, as to the first cause of action, this action is properly maintainable as a class action." (*First Amended Complaint* ¶ 1.) The second paragraph in the first amended complaint's prayer for relief seeks "a temporary restraining order, preliminary and permanent injunction, enjoining Defendants from allowing the share issued on September 26, 2008, to vote at the Annual Meeting scheduled for October 30, 2008." (*Id.* ¶ 2.) The reference to damages in the first amended complaint are found in paragraphs seven and eight of the prayer for relief, which seek "a determination and award to ARTES for the damages sustained by it" and "a determination and award to ARTES for exemplary damages . . ." (*Id.* ¶¶ 8, 9.) Plaintiff's request for award compensatory and exemplary damages to ARTES in the first amended complaint relate only to the derivative claims brought by Plaintiff on behalf of the company. No where in the first amended complaint does Plaintiff seek an award of damages on behalf of the class. *See Shen v. Bohan*, 2002 U.S. Dist. LEXIS 22485 (C.D. Cal. 2002) (remanding shareholder class action and derivative complaint where Plaintiff did not seek damages on behalf of the class). Even if Plaintiff is attempting to "artfully plead" around the application of SLUSA, he is not prohibited from doing so. *See U.S. Mortgage, Inc. v. Saxon*, 494 F.3d 833, 843 (holding that a plaintiff may file an amended complaint in an attempt to avoid SLUSA dismissal). The Court concludes that Plaintiff's class claim does not fall within the definition of a covered class action and is not precluded under SLUSA. This Court "has no jurisdiction to touch this case on the merits, and the proper course is to remand." *Kircher*, 547 U.S. at 644.

26        An order remanding a removed case to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). The standard for awarding fees under 28 U.S.C. § 1447(c) turns on the

reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. In this case, the Court does not conclude that Defendants lacked an objectively reasonable basis for seeking removal.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to remand (Doc. 20) filed by Plaintiff is GRANTED. It is further ordered that the motion to dismiss (Doc. 11) filed by Defendants is DENIED as moot. The Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. 1447(c) (Doc. 20) is DENIED.

DATED: March 25, 2009

**WILLIAM Q. HAYES**
United States District Judge